COPY

JOHN E. LAMP
United States Attorney

Assistant United States Attorney
851 United States Courthouse
P.O. Box 1494
Spokane, WA 99210
Phone: (509) 456-3811

Attorney for Plaintiff

FILED IN THE
U. S. DISTRICT COURT
Eastern District of Washington

JUN 5 1986

J. R. FALLQUIST, Clerk

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 1 8 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

  Plaintiff,

vs.

STATELINE PROCESSORS, INC., a corporation, and MARIE KIMBLE and GARY W. HEATON, individuals,

  Defendants.

Civil No. C-86-268-JLQ

CONSENT DECREE OF PERMANENT INJUNCTION

The United States of America, having filed its complaint on the 9th day of May, 1986, and the defendants, Stateline Processors, Inc., a corporation, Marie Kimble and Gary W. Heaton, individuals, having appeared in person or by counsel and having consented to the entry of this decree and to each and every provision thereof without contest and before any testimony has been taken, and the United States of America having consented to the entry of this decree and to each and every provision thereof, and having moved this court for this injunction;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This court has jurisdiction over the subject matter and over all parties to this action.

2. The Complaint for Injunction states a cause of action against the defendants under the Federal Food, Drug, and Cosmetic Act (the Act), 21 U.S.C. 301 et seq.

CONSENT DECREE
Page One

RECEIVED
JUL 1 8 2005
CLERK U.S. DISTRICT COURT
SPOKANE, WASHINGTON

3. The defendants, Stateline Processors, Inc., a corporation, Marie Kimble and Gary Heaton, individuals, and each and all of their officers, agents, servants, representatives, employees, attorneys, successors or assigns, and each and all persons in active concert or participation with them, shall be enjoined from directly or indirectly receiving, preparing, or packing articles of food at any of the defendants' grain elevator facilities or from selling, distributing, or shipping any articles of food from said facilities unless and until:

A. The defendants assure that the methods, facilities, and controls used for receiving, preparing, packing, and holding articles of food in the facilities are established and implemented so that articles of food are not contaminated by rodent, bird, or other filth. Such methods, facilities, and controls shall specifically include but shall not be limited to the following:

1) eliminating all rodents, birds, and other vermin from the facility, and closing all routes for their ingress and egress;

2) thoroughly cleaning, renovating, and rendering the facilities and all equipment in them suitable for use in receiving, preparing, packing, and holding articles of food to preclude their contamination with filth, and instituting procedures to maintain the facilities and equipment therein in such condition;

3) establishing a written sanitation control program for the facilities and all their food handling equipment that will assure that they are maintained in a sanitary condition so as to prevent the contamination of food with rodent, bird, or other filth; and

4) assigning responsibility for the operation of the sanitation control program to a person who by reason of background, experience or education in sanitation work is competent to maintain the facilities in a

CONSENT DECREE
Page Two

sanitary condition;

B. The defendants report, in writing, to the Food and Drug Administration (FDA) what action they have taken to assure that articles of food received, prepared, packed, and held at their facilities are not contaminated with filth;

C. FDA notifies the defendants in writing that the defendants appear to be in compliance with the requirements set forth in paragraph A; and

D. All articles of food on hand at the facilities are examined for filth by the defendants under the supervision of, and in accordance with methods approved by FDA, after which reports of such examinations shall be submitted to the FDA. Additional analyses and examination of the articles may be made by the FDA, as are deemed necessary, to assure that the articles are not contaminated with filth. All articles of food which examination or analysis show are contaminated with filth shall be destroyed or otherwise brought into compliance with the law by the defendants under the supervision of FDA. All expenses of such supervision, analyses and examinations by the FDA shall be paid by the defendants at the rates specified below.

4. The defendant, Stateline Processors, Inc., shall reimburse the FDA for the costs of any FDA inspections and examinations necessary to evaluate the defendants' compliance with any part of this consent decree of injunction at a rate of $37.00 per hour and fraction thereof per representative for inspection work, $44.00 per hour or fraction thereof per representative for analytical work, $.205 per mile travel expenses, and $50.00 per day for subsistence expenses where necessary.

5. The defendants shall permit duly authorized FDA representatives to make inspections, including inspections of the facilities, articles of

food therein, and equipment, to examine and copy all shipping records and to take photographs as necessary in order to determine that the requirements of this decree have been met, the costs of any such inspection to be borne by the defendants at the rates specified above. Such inspections shall be authorized upon presentation of a copy of this decree and appropriate credentials, such inspection authority to be apart from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. 374.

6. That after compliance with paragraph 3 of this Consent Decree of Permanent Injunction, the defendants, Stateline Processors, Inc., a corporation, Marie Kimble and Gary W. Heaton, individuals, and each and all of their directors, officers, agents, servants, representatives, employees, attorneys, successors or assigns, and any and all persons in active concert or participation with them shall be and are hereby enjoined under 21 U.S.C. 332(a) from directly or indirectly causing the adulteration of any article of food, which has been received, prepared, packed, or held at any of the defendants' facilities, and also from introducing, or offering for delivery into interstate commerce any adulterated food.

7. The defendants shall provide a copy of this Consent Decree of Permanent Injunction to each officer, director, and employee of Stateline Processors, Inc., within 10 days of the date of entry of this injunction by the court, and shall provide FDA with an affidavit of compliance within 30 days stating the fact and manner of compliance and identifying the names and positions of all persons so notified.

8. The defendants shall notify the Seattle District Office of the FDA at least 10 days before any reorganization, dissolution, assignment, or sale resulting in the emergence of a successor corporation, the creation or dissolution of subsidaries, or any other change in the corporate structure of Stateline Processors, Inc., that may affect compliance obli-

CONSENT DECREE
Page Four

gations arising out of this decree of permanent injunction.

9. The jurisdiction of this court is retained for the purpose of enforcing or modifying this decree and for the purpose of granting additional relief as may hereafter appear necessary or appropriate.

10. That plaintiff is granted judgment for and shall recover its costs herein.

DATED this 5th day of June, 1986.

_____
UNITED STATES DISTRICT JUDGE

Entry consented to:

Stateline Processors, Inc., Defendant

By: _Gary W. Heaton_, Treas. & Gen. Manager

_Marie Kimble_, Pres.
MARIE KIMBLE, Defendnat

_Gary W. Heaton_
GARY W. HEATON, Defendant

_____
THEODORE F.S. RASMUSSEN
Attorney for Defendants

_Wm. N. Beatty_
WILLIAM H. BEATTY
Assistant United States Attorney
Attorney for Plaintiff

CONSENT DECREE
Page Five