```
 1                    UNITED STATES DISTRICT COURT
 2                    EASTERN DISTRICT OF WASHINGTON
```

MITCHEL CALVERT,

        Petitioner,

   v.

ALICE PAYNE,

        Respondent.

CV-05-3028-FVS

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF

**THIS MATTER** is before the Court pursuant to the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, Ct. Rec. 6. Mr. Calvert is acting *pro se* in this matter. Ms. Payne is represented by Attorney General Rob McKenna and Assistant Attorney General John Joseph Samson. The Court has reviewed the entire file, including the pleadings submitted by both parties, and is now prepared to rule.

**BACKGROUND**

Mr. Calvert is a state prisoner who pleaded guilty to three counts of child rape on March 18, 2002. After exhausting his state remedies, he filed, *pro se*, a federal habeas corpus petition on March 11, 2005. The respondent contends his federal habeas corpus petition is barred by the statute of limitations.

On May 28, 2002, the trial court sentenced Mr. Calvert to 120 months in prison. The trial court did not orally inform Mr. Calvert

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 1

that he had a right to appeal his exceptional sentence.  Mr. Calvert did, however, sign a plea statement that said defendants have a right to appeal an exceptional sentence. (Ex. 2, p. 3)  A defendant must file notice of appeal within 30 days after the entry of the judgment, otherwise the right to appeal is irrevocably waived.  CrR 7.2(b)  Mr. Calvert did not file a notice of appeal.

　　　Mr. Calvert's right to appeal expired on June 27, 2002, 30 days after his sentence.  On Jan. 15, 2003, about nine months after his direct appeal period expired, Mr. Calvert sought collateral review *pro se* in the state court system.  He timely moved to modify his sentence in Yakima County Superior Court.  The Superior Court transferred the motion to the Washington Court of Appeals, Division Three.  The Court of Appeals turned Mr. Calvert's motion into a personal restraint petition. CrR 7.8.  The Court of Appeals denied the personal restraint petition.  Mr. Calvert asked the Washington Supreme Court for discretionary review of the Court of Appeals' denial.  The Washington Supreme Court denied discretionary review on Dec. 4, 2003.

　　　While Mr. Calvert pursued collateral review, a Washington Supreme Court commissioner suggested that Mr. Calvert file a motion in the Court of Appeals for an untimely direct appeal, given that the trial court apparently did not orally inform Mr. Calvert of his right to appeal his exceptional sentence. (Ex. 13, p. 4)  On Dec. 11, 2003, Mr. Calvert filed a motion for an untimely direct appeal, as suggested by the commissioner.  The Court of Appeals denied the motion.  Mr. Calvert appealed to the Washington Supreme Court, which

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 2

denied the motion on Nov. 30, 2004. The pursuit of his untimely appeal took 354 days, from Dec. 11, 2003, to Nov. 30, 2004. (Near the end of his untimely appeal, Mr. Calvert also pursued a second personal restraint petition, which the Washington Supreme Court denied.) On March 11, 2005, Mr. Calvert filed a federal petition for writ of habeas corpus.

**RULING**

The petitioner claims the statute of limitations was tolled while he pursued his untimely appeal. If the statute of limitations was not tolled through the untimely appeal, Mr. Calvert exceeded the statute of limitations. 28 U.S.C. § 2244(d)(1); § 2244(d)(2). Including the 354 days Mr. Calvert pursued an untimely appeal, 674 days passed between the day Mr. Calvert's direct appeal period expired, on June 27, 2002, and the day he filed his federal habeas corpus petition, on March 11, 2005. If, on the other hand, the statute of limitations was tolled through his untimely appeal, Mr. Calvert would have used up only 320 days of his 365-day statute of limitations period for filing.

State prisoners have one year to file federal habeas corpus petitions, beginning from the time their direct appeal period expires in state court. 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled while a properly filed application for state collateral relief is pending. 28 U.S.C. § 2244(d)(2).

The statute of limitations, for Mr. Calvert, began to run on June 27, 2002, when his direct appeal period expired. Neither party debates that the statute of limitations was tolled on Jan. 15, 2003,

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 3

when Mr. Calvert sought timely collateral review in the state courts. The question is when the statute of limitations stopped being tolled. Mr. Calvert contends the statute of limitations was tolled until Nov. 30, 2004, when his motion for an untimely appeal was finally denied. The respondent contends the statute of limitations never was tolled for the period between Dec. 11, 2003 and Nov. 30, 2004, while Mr. Calvert pursued an untimely appeal.

Whether a motion for an untimely state appeal causes the federal statute of limitations to be tolled is unclear. A U.S. Supreme Court ruling and Second Circuit dicta suggest that such a motion does not cause the statute of limitations to be tolled. Collateral state appeals must be "properly filed" to cause the statute of limitations to be tolled for federal habeas corpus petitions. § 2244(d)(2). In general, a state post-conviction petition rejected by state courts as untimely is not "properly filed." *Pace v. DiGuglielmo,* 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005). According to dicta from the Second Circuit, a "motion to extend the time for appeal" does not appear to be a "properly filed" application for state collateral review. *Bethea v. Girdich,* 293 F.3d 577, 579 (2nd Cir.2002). The motion referred to by the Second Circuit is similar to Mr. Calvert's motion for an untimely appeal. The policy against allowing a tolled statute of limitations for such motions is that state prisoners could abuse the statute of limitations otherwise. *Pace,* 125 S.Ct. at 1812 ("On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state post-conviction petitions.")

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 4

Mr. Calvert says he only filed his motion for an untimely direct appeal because a commissioner from the Washington Supreme Court suggested he do so.  In a Dec. 4, 2003 ruling on Mr. Calvert's personal restraint petition, the commissioner wrote that Mr. Calvert "may seek to file an untimely notice of appeal by separate motion in the Court of Appeals, and if the State is unable to prove that he knowingly and voluntarily waived his right to appeal, that court may yet allow him to pursue an appeal." (Ex. 13, p. 4)

Mr. Calvert argues that he "should not be punished" for taking the commissioner's "bad" advice about filing a motion for an untimely direct appeal. (Petitioner's Traverse to Respondent's Answer and Memorandum of Authorities, p.7).  Mr. Calvert argues, without specifically saying so, that he deserves equitable tolling through the period that he pursued his motion for an untimely direct appeal.

To prove equitable tolling, a prisoner must show that 1) he pursued his rights diligently and that 2) some extraordinary circumstance stood in his way to prevent him from filing his federal habeas corpus petition on time. *Pace,* 125 S.Ct. at 1814.  Equitable tolling is rare. *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999). A prisoner must show that an extraordinary circumstance stood in the prisoner's way that made his federal petition "impossible" to file on time. *Id.*, citing *Calderon v. United States District Court (Kelly),* 163 F.3d 530, 541 (9th Cir.1998). See also *Alvarez-Machain v. United States,* 107 F.3d 696, 701 (9th Cir.1996).  The policy behind this "high hurdle" is Congress' desire to accelerate the federal habeas process. *Calderon v. United States District Court (Beeler)* 128 F.3d

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 5

1283, 1288-89 (9th Cir.1997).  In one case, the Ninth Circuit denied equitable tolling for a prisoner who missed the statute of limitations deadline while he pursued two rounds of state collateral review. *Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir.2003).  The court said prisoners "must be careful to timely file in federal court" after they conclude their first full rounds of state collateral review, lest they "run afoul of the statute of limitations." *Id.*  To avoid that circumstance, the court said, a petitioner could timely file a federal habeas corpus petition after his first round of state collateral review is completed, then request that the district court exercise its discretion to stay the petition until the petitioner fully exhausted his second round of state collateral review. *Id.*

Mr. Calvert pursued his rights diligently by filing all of his appeals on time, with the exception of his initial direct appeal.  Arguably, his failure to file an initial direct appeal resulted from the trial court's failure to inform him of his right to appeal his exceptional sentence.  However, the Court of Appeals and Washington Supreme Court already considered this argument.  They ruled that Mr. Calvert did not show that the trial court's error entitled him to relief.  Specifically, a Washington Supreme Court commissioner ruled that the Court of Appeals did not err in determining that Mr. Calvert knowingly and voluntarily waived his right to appeal, partly because Mr. Calvert signed a plea statement that mentioned his right to appeal.  His plea statement said:

> I understand that the judge does not have to follow anyone's recommendation as to sentence.  The judge must impose a

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 6

> sentence within the standard range of actual confinement and community custody unless the judge finds substantial and compelling reasons not to do so. *If the judge goes outside the standard range of actual confinement or community custody, either the State or I can appeal that sentence*. If the sentence is within the standard range, no one can appeal the sentence."

Statement of Defendant on Plea of Guilty, (Ex. 2, p. 3) (*italics added*).

Equitable tolling may be appropriate if a judge affirmatively misleads a petitioner, Justice O'Connor wrote in a concurring opinion. *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2448, 159 L.Ed.2d 338 (2004) (O'Connor, S., concurring). Here, the Washington Supreme Court commissioner did not affirmatively mislead Mr. Calvert. The commissioner suggested that he pursue a motion for an untimely appeal. Mr. Calvert does not allege, and the record does not suggest, that the commissioner said, for example, that the statute of limitations would be tolled for any federal habeas petition that Mr. Calvert might file in the future. The burden was on Mr. Calvert to consider what needed to be done at the federal level while he pursued his untimely state appeal.

Mr. Calvert's situation as a *pro se* petitioner makes equitable tolling a close call in this case. As *Biggs* suggests, Mr. Calvert could have pursued a stay of his federal habeas corpus petition while pursuing his motion for an untimely appeal in state court. *Biggs*, 339 F.3d at 1048. But this Court recognizes that *pro se* petitioners might have trouble finding out about stays. The statute of limitations says nothing explicitly about stays. Courts do not encourage judges to advise *pro se* petitioners about stays. *Pliler*, 124 S.Ct. at 2446. (Such advice from a judge would undermine judges' roles as impartial decision makers, burden judges with the task of

ORDER DISMISSING REQUEST FOR HABEAS CORPUS RELIEF - 7

figuring out when the statute of limitations runs out for each petitioner, and risk misleading the *pro se* petitioners about the requirements.) Moreover, the statute of limitations urges petitioners to exhaust their remedies in state court. § 2254(b)(1)(A) ("An application ... shall not be granted ... unless ... the applicant has exhausted the remedies available in the courts of the State ..."). That language might lead a *pro se* petitioner to believe stays are not an option.

Ultimately, Mr. Calvert failed to show that it was "impossible" to file his federal habeas corpus petition on time. *Miles,* 187 F.3d at 1107. Regardless of the complexity involved in filing a federal habeas corpus petition on time, the statute of limitations says expressly that petitioners have a year to file their federal habeas corpus petitions after their direct appeal period expires. § 2244(d)(1)(A). That should have alerted Mr. Calvert that he should research the filing deadline further. It is true that *pro se* habeas petitioners may not be held to the same technical standards as litigants represented by counsel, *Corjasso v. Ayers,* 278 F.3d 874, 878 (9th Cir.2002) (tolling justified where a *pro se* petitioner's petition was rejected by district court clerk merely because he used the wrong cover sheet). But *pro se* petitioners are expected to understand the statute of limitations. *Biggs,* 339 F.3d at 1048.

Given the preceding considerations, the Court concludes that tolling of the statute of limitations is unwarranted. Accordingly, the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody is denied.

**IT IS HEREBY ORDERED**:

1. The petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, Ct. Rec. 6, is **DENIED**.

2. Any other pending motions in this matter are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to the petitioner and counsel for the respondent, and close the file.

**DATED** this ___11th___ day of October, 2005.

                                                   s/ Fred Van Sickle
                                                      Fred Van Sickle
                                Chief United States District Judge